# United States District Court
## for the
## Western District of New York

In the Matter of the Search of:

A parcel addressed to "JJ Maye, 144 E Summerset Ln, Amherst, NY 14228" which further bears a return address of "JJ Maye, 144 E Summerset Ln, Amherst, NY 14228." The Priority Mail Express parcel bears USPS tracking number **EL 856 871 889 US**, and is a brown cardboard box measuring approximately **16.0" X 11.25" X 11.25" weighing approximately 14 lbs, 4.20 oz, bearing $100.85 in postage** and was mailed from **Denver, CO 80210**.

Case No. 17-MJ-1119

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property:

A parcel addressed to "JJ Maye, 144 E Summerset Ln, Amherst, NY 14228" which further bears a return address of "JJ Maye, 144 E Summerset Ln, Amherst, NY 14228." The Priority Mail Express parcel bears USPS tracking number **EL 856 871 889 US**, and is a brown cardboard box measuring approximately **16.0" X 11.25" X 11.25" weighing approximately 14 lbs, 4.20 oz, bearing $100.85 in postage** and was mailed from **Denver, CO 80210** (hereinafter the "Subject Parcel").

located in the Western District of New York, there is now concealed *(identify the person or describe the property to be seized)*: narcotics containing controlled substances.

The basis for search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☒ evidence of a crime;
- ☒ contraband, fruits of crime, or other items illegally possessed;
- ☒ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of 21 U.S.C. §§ 841, 844, and 846 *[statutory violation(s)]*.

The application is based on these facts:

- ☒ continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

CHRISTOPHER E. BUSZKA
U.S. POSTAL INSPECTOR
*Printed name and title*

Sworn to before me and signed in my presence.

Date: August 29, 2017

*Judge's signature*

HONORABLE JEREMIAH J. McCARTHY
UNITED STATES MAGISTRATE JUDGE
*Printed name and Title*

City and state: Buffalo, New York



## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

STATE OF NEW YORK   )
COUNTY OF ERIE      )   SS:
CITY OF BUFFALO     )

**CHRISTOPHER E. BUSZKA**, being duly sworn, deposes and states:

1. I am a United States Postal Inspector for the United States Postal Inspection Service (USPIS) and have been so employed since April 2004. I am currently assigned to the Buffalo, New York field office. In my capacity as an Inspector with the Postal Inspection Service, I have had training in the investigation and prosecution of violations of federal statutes over which the Postal Inspection Service has investigative jurisdiction, i.e. theft, embezzlement, narcotics trafficking, fraud, financial crimes, and money laundering offenses. I am currently assigned to the Prohibited Mail team where I am charged with investigating violations of federal laws where the U.S. Mails are used, including assisting with investigations involving the mailing of controlled substances, which have been sent from locations within and from outside of the United States. I have participated in investigations that have resulted in the arrest of individuals who have distributed and received controlled substances, as well as the seizure of illegal narcotics.

2. In my capacity as an Inspector with the Postal Inspection Service, I work closely with a team of Postal Inspectors who have investigated numerous narcotics crimes involving the United States Mail. I have consulted with those Postal Inspectors and other law

enforcement agents regarding this investigation, and as a result, when I refer to what another Postal Inspector and or law enforcement officer has done, observed or heard, I am doing so based upon my discussion with that individual, or by reading his or her reports or letters.

## DESCRIPTION OF ITEM TO BE SEARCHED

3. I make this affidavit in support of an application for a warrant authorizing the search of the following **U.S. Postal Service Priority Mail Express parcel**:

A parcel addressed to "**JJ Maye, 144 E Summerset Ln, Amherst, NY 14228**" which further bears a return address of "**JJ Maye, 144 E Summerset Ln, Amherst, NY 14228**." The Priority Mail Express parcel bears USPS tracking number **EL 856 871 889 US**, and is a brown cardboard box measuring approximately **16.0" X 11.25" X 11.25" weighing approximately 14 lbs, 4.20 oz, bearing $100.85 in postage** and was mailed from **Denver, CO 80210** (hereinafter the "Subject Parcel").

4. Since this affidavit is being submitted for the limited purpose of securing a search warrant for the Subject Parcel, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that evidence of a violation of Title 21, United States Code, Sections 841, 844 and 846 will be located within the Subject Parcel.

## SUSPICIOUS CHARACTERISTICS OF MAIL PARCELS
## OFTEN FOUND TO CONTAIN CONTRABAND OR NARCOTICS

5. Based on my training and experience, I am aware that the Postal Service's Priority Mail Express service was custom-designed to fit the needs of businesses by providing overnight delivery for time-sensitive materials. Priority Mail Express parcels typically used by businesses to send documents often utilize typewritten labels, are sent in

2

pre-printed cardboard mailers, and typically weigh, on average, up to 2 pounds. Corporate charge accounts were also developed by the Postal Service so that businesses would be able to enter their account number directly on the Priority Mail Express label, thus avoiding time-consuming cash payments for each business mailing. Priority Mail Express also comes with a "built-in" unique tracking number that can be used to track the status of each parcel.

6. Based on my training and experience, I have learned that narcotics traffickers often utilize Priority Mail Express for the transportation of controlled substances, or the proceeds from the sale of controlled substances, based upon the fact that Priority Mail Express can quickly move the item(s) to the delivery destination. Perhaps more importantly, the movement of packages via Priority Mail Express can also be tracked via telephone and/or the internet based upon the unique tracking number assigned to each specific parcel. This is important to narcotics traffickers because any delay in the delivery of the mail can serve as an indication to the mailer that the item(s) have possibly been intercepted by the U.S. Postal Inspection Service. Additionally, items sent via Priority Mail Express are considered to be first-class mail, and therefore, cannot be opened without a Federal Search Warrant.

7. I am also aware, based upon my training and experience, that parcels containing contraband often display many similar qualities. For example, these packages may often display some or all of, but not limited to, the following characteristics:

    a. Unlike typical Priority Mail Express business mailings containing documents, which usually have typed labels, parcels known to have contained controlled substances and/or their proceeds typically bear a handwritten label. Based on my training and experience, and upon the

3

training and experience of fellow Postal Inspectors, I know that drug dealers routinely use handwritten mailing labels when they transport narcotics and/or their proceeds through the mails.

b.  The absence of a corporate account number listed on a label indicates the sender paid for postage using cash or its equivalent. A package containing controlled substances typically does not contain a corporate account number, thereby indicating that the sender of the package paid cash or its equivalent, which is less traceable. Based on my training and experience, and upon the training and experience of fellow Postal Inspectors, senders of parcels containing controlled substances are known to pay for postage using cash in order to remain anonymous and to, therefore, avoid detection.

c.  The handwritten label will often contain one or more of the following: misspelled words, incomplete addresses, fictitious addresses, or is addressed to and/or from fictitious persons. Based upon your affiant's experience and discussions with other experienced Postal Inspectors, I am aware that individuals who ship and/or receive drugs via the mail often employ fictitious return addresses and/or names not associated with the addresses, in order to avoid detection. This allows them to distance themselves from the contraband should the parcel be intercepted by law enforcement.

d.  Packages containing controlled substances are normally heavier than the typical business mailing (described in paragraph 5 above) containing documents.

e.  Parcels containing controlled substances often have an originating Post Office that is located in a different area, town or city than the return address listed on the parcel. The distance between the two locations can vary. Traveling various distances is often used by mailers of illegal narcotics and their proceeds in order to avoid detection, recognition, and/or being caught on surveillance video.

f.  Parcels containing controlled substances are often heavily taped or glued on the seams of the parcel, and/or the outside of the package is wrapped with a type of paper covering. Heavy taping or gluing of seams, or wrapping the exterior of the package is consistent with parcels known to have contained illegal narcotics. Such efforts appear to be an attempt to contain any odors which might otherwise emanate from the package. In addition, suspicious parcels sometimes are packaged in decorative boxes to appear as gifts and/or bear markings that include "fragile" or "perishable." Mailers of illegal substances sometimes use such indicators, including purchasing services such as insurance, in order to make the parcels appear more legitimate, mundane and inconspicuous.

g.  Parcels containing controlled substances may be shipped from locations which, based upon previous successful interdictions, are known source locations for the distribution of illegal narcotics.

Parcels found to meet any or all of the characteristics described above are often scrutinized by Inspectors through address verifications and trained narcotic-detecting canine examination. Postal Inspectors have been authorized to seize packages, including Priority Mail Express, which contain illegal narcotics that were shipped from areas around the country and Puerto Rico. Many locations, including **Colorado**, are known source locations for illicit narcotics trafficking.

## PROBABLE CAUSE TO SEARCH THE SUBJECT PARCEL

8. On or about August 26, 2017 Postal Inspectors in Buffalo, New York were alerted to the Subject Parcel during a review of incoming mail. The Subject Parcel was initially deemed suspicious because it was emanating an odor believed to be consistent with marijuana. The subject parcel was then forwarded to Postal Inspectors in Buffalo, NY for further inspection.

9. Upon further inspection on or about August 28, 2017, in addition to the foregoing information, my suspicion of the Subject Parcel was heightened because it shared additional characteristics and attributes common to other parcels known to have contained controlled substances. Specifically, the Subject Parcel is sent via Priority Mail Express, has a handwritten label, weighs over 2 pounds, and bears a USPS Tracking Number which can be used for tracking purposes. Further, the postage for the Subject Parcel was paid with cash or its equivalent, and all of the seams are heavily taped. In addition, the sender and addressee are

identical on the Subject Parcel. Finally, the Subject Parcel is coming from Colorado, a known source location for illicit narcotics trafficking.

10. Based on this information, I decided to submit the Subject Parcel to a narcotic-detecting canine for examination. On or about August 28, 2017, I met Buffalo Police Department Officer John T. Kujuawa and his K-9, "DESTRO," at the Postal Inspection Service office located at 1200 Main Place Tower, Buffalo NY 14202. DESTRO performed a drug sniff of the Subject Parcel, and according to Officer Kujawa, the dog sniff of the Subject Parcel resulted in a positive alert, indicating that DESTRO detected the odor of a controlled substance that he has been trained to detect. See Affidavit of Officer John T. Kujuawa, attached hereto as Exhibit A.

## CONCLUSION

11. Based upon the foregoing, it is therefore respectfully submitted that there is probable cause to believe that the above-referenced Subject Parcel contains fruits, evidence, and instrumentalities related to narcotics trafficking and distribution in violation of Title 21, United States Code, Sections 841, 844 and 846.

**WHEREFORE**, it is respectfully requested that a search warrant be issued to search the contents of the Subject Parcel for controlled substances.

_____
CHRISTOPHER E. BUSZKA
U.S. Postal Inspector

Sworn to and subscribed before me

this 29TH day of August 2017.

_____
HONORABLE JEREMIAH J. McCARTHY
United States Magistrate Judge

7

1                                                                                                                CR#

# AFFIDAVIT

State of        **NEW YORK**       } ss
County of    **ERIE**



I,  John T. Kujawa             Employed by    The City of Buffalo Police Department, Buffalo, NY
         *Name*                                              *Address*                      *City*           *State*    *Zip Code*

By this affidavit, make the following statement of fact:

I, John T. Kujawa, am employed by the City of Buffalo, NY Police Department in the capacity of K-9 Officer. I am currently assigned to the K-9 Unit with my K-9 "DESTRO." "DESTRO" and I participate in and successfully complete the Niagara Regional Police K-9 training and certification in Ontario, Canada. "DESTRO" and I, receive **20 hours of maintenance training per month** from Sergeant Scott Johnstone (K-9 trainer for the Niagara Regional Police of Ontario, Canada.) The canine training course concentrates on area searches, tracking, building searches and criminal apprehension, to include the location of human beings. Next, "DESTRO" and I participated in **one hundred and fifty hours of canine handler/trainer instruction** for the detection of the odor of narcotics. "DESTRO' and I successfully completed the course in **December 2012.** "DESTRO" and I will **recertify twice a year** with the most recent certification being **April 13, 2017**. "DESTRO" has been specifically trained and certified in the detection of the odors of cocaine, heroin, marijuana, hashish, methamphetamine and ecstasy. During our bi-monthly controlled training sessions, "DESTRO" is tested using real narcotics (obtained through Health Canada). The narcotics are concealed or hidden in various locations. "DESTRO" is then required to locate the narcotics. "DESTRO" has been trained to alert to the odor of narcotics by scratching, biting or barking at the item. During training session, "DESTRO" consistently demonstrates a high degree of proficiency in locating the hidden narcotics. Since "DESTRO" was certified, "DESTRO" has been utilized on numerous occasions to attempt to locate narcotics. To my knowledge, I have never known "DESTRO" to falsely alert to the odor of narcotics. In my experience, "DESTRO" has successfully found narcotics located in many different locations, to include packages, motor vehicles, buildings, and outdoors (buried in the ground).

Verification by Subscription and Notice
Under Penal Law Section 210.45

It is a crime, punishable by a class A misdemeanor under the laws of the State of New York, for a person, in and by written instrument, to knowingly make a false statement, or to make a statement which such person does not believe to be true.

Affirmed under penalty of perjury this

28th day of  August 2017

Police Officer John T. Kujawa
            *Deponent*

2                                                                                                                                  CR#

# AFFIDAVIT

State of     **NEW YORK**      } ss
County of    **ERIE**



I,  John T. Kujawa          Employed by    The City of Buffalo Police Department, Buffalo, NY
         Name                                   Address                          City                State    Zip Code

By this affidavit, make the following statement of fact:

On **August 28, 2017 at approximately 1230 hours** I was requested by Postal Inspector C. Buszka of the U. S. Postal Inspection Service to respond to the Buffalo NY Domicile at 1200 Main Place Tower Buffalo, NY 14202 for a narcotics search on the following package. At approximately **1331 hours on August 28, 2017**, I directed K9 "DESTRO" to search a large office room of the Buffalo NY Domicile. **The package in question is a Priority Mail Express parcel bearing Tracking Number EL 856 871 889 US addressed to JJ Maye, 144 E Summerset Ln, Amherst, NY 14228.** Inspector Buszka placed the suspicious parcel in the office with an array of similar parcels known not to contain controlled substances. When K-9 "DESTRO" sniffed the above numbered parcel he alerted to the odor of narcotics with an aggressive alert.

Prior to the parcel sniff, I was not informed as to which package was the parcel in question.

False statements made herein are punishable as a class A misdemeanor pursuant to section 210.45 of the New York State Penal Law. Affirmed under penalty of perjury.

X _____  Date 8/28/17
(affirmed)

Verification by Subscription and Notice
Under Penal Law Section 210.45

It is a crime, punishable by a class A misdemeanor under the laws of the State of New York, for a person, in and by written instrument, to knowingly make a false statement, or to make a statement which such person does not believe to be true.

Affirmed under penalty of perjury this

28th day of  August 2017

Police Officer John T. Kujawa
Deponent